No. 25.—NATHANIEL C. DANIEL, and his wife, ELIZA N. DAN-
IEL, plaintiffs in error, *vs.* JAMES S. HOLLINGSHEAD and
NATHAN BRYAN.

[1.] When an executor or administrator finds it necessary to bring suit upon
a debt, which, in the management of his testator's or intestate's estate, he
has suffered to be contracted with him, for and on account of said estate,
he may, at his option, declare upon that debt as one due to him in his rep-
resentative character, or as due to him personally.

[2.] If he mean to declare on such a debt in his representative character, he
should show in his petition, that the debt is due to him, as such, by setting
forth that it is owing and payable to him " as executor".

[3.] Where plaintiffs sue as administrators of J W H, and so recover a judg-
ment, upon which the costs cannot be collected from the defendants; and
the officers of Court issue their execution for the same (under our Statute)
against these plaintiffs, as administrators of J W H: *Held*, that such *fi. fa.*
could not properly be levied on property in the hands of one of the heirs,
which had been of the estate of J W H, and which the heir had received in
settlement with the administrator; that the title of the heir to the property
sold under such levy, was not divested, and that he had the right to recover
the same from the purchasers at Sheriff's sale.

[4.] The doctrine, that a purchaser without notice, for a valuable considera-
tion, is entitled to the protection of the Courts, applies where there is prior
equitable title only: but where there is prior legal title, the rule is, *caveat
emptor*.

Ejectment, in Macon Superior Court. Tried before Judge
POWERS, March Term, 1854.

This was an action of ejectment (in Jones' form) brought by
the plaintiffs in error, for the recovery of lot of land, number
81, in the 8th district of originally Houston, now Macon
County.

On the trial, plaintiffs read in evidence a plat and grant
from the State to John W. Harper, for the lot of land, dated
the 6th day of November, 1829.

Plaintiffs then proved the death of John W. Harper, and
that Mrs. Daniel, the plaintiff, was his sole surviving heir at
law; and the possession of defendants, and closed.

The defendants then read in evidence a deed from the Sheriff of Macon County, executed to themselves, on the 4th day of July, 1848, Counsel for plaintiff having consented to waive the production of the *fi. fa.* under which the land was sold, and admitted that it was set forth correctly in the deed, as follows: "The officers of the Superior Court of the County of Clark, against Anslemn L. Harper and William Shaw, administrators of John W. Harper, deceased."

The defendants closed, when plaintiffs offered in evidence exemplifications from the records of the Court of Ordinary and the Superior Court of Clark County, from which it appeared that Anslemn L. Harper and William Shaw were appointed administrators on the estate of John W. Harper, deceased, by the Court of Ordinary of Clark County, at the November Term, 1836.

That, at the February Term, 1846, of Clark Superior Court, Harper and Shaw, administrators of John W. Harper, deceased, brought an action of debt against the makers of the following note:

"Twelve months after date, we, or either of us, promise to pay the administrators of John W. Harper, deceased, the right and just sum of four hundred dollars and twenty-five cents, for value received, this 6th day of February, 1838.

SOLOMON P. KENT.
THOMAS A. TUCK.
WILLIAM SHAW."

There being several credits on said note, the last entered in January, 1846; on which note they obtained judgment at the August Term, 1847. Execution was issued thereon, and returned by the Sheriff, with the entry of "*nulla bona*" thereon, on the 16th day of December, 1847; whereupon, the Clerk issued a *fi. fa.* for cost against the plaintiffs.

Counsel for the defendants objected to the introduction of the exemplifications. The Court sustained the objections, and Counsel for plaintiffs excepted.

Daniel and Wife *vs.* Hollingshead and Bryan.

S. HALL and T. R. R. COBB, for plaintiffs in error.

J. J. SCARBOROUGH, for defendants in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] When an executor or administrator finds it necessary to bring suit upon a debt, which, in the management of his testator's or intestate's estate he has suffered to be contracted with him, for and on account of said estate, he may, at his option, declare upon that debt, as one due to him in his representative character, or as due to him personally.

[2.] If he mean to bring the suit in his representative character, apt and fit words should be used, for the purpose of manifesting such intention. When, in such case, he declares on such a contract, it seems, by the rules of pleading, not enough that he should simply style himself *executor* or *administrator*— that he should describe himself in his petition, for example, as " A B executor of C D;" for this, it is held, only shows that the debt was contracted with him in that character, but does not show that he has elected, in his suit, to treat it as the debt of the estate. It is said, that subjoining to his name, in such a suit, the word "executor" or "administrator" is simply a *designatio personæ;* and that if he mean to have the debt treated as one due to him, strictly in his representative right, he must describe it as such, by annexing the words " as executor" or " as administrator" to his name. *Brigden vs. Parkes,* (2 *Bos. and P.* 424.) *Henshall vs. Roberts et al.* (5 *East.* 150. 6 *East.* 405. 2 *Bing.* 177. 9 *Moore,* 340.) *Hollis and another vs. Smith,* (10 *East.* 293. 1 *Ch. Plead.* 233, 234. 2 *Saund.* 117 d and notes, 5th ed.) *Gilbert vs. Hardwick,* (11 *Ga.* 599.)

This rule seems to be rather arbitrary, and the reasons for it not very satisfactory : but this does not matter much, perhaps, if it be well understood to be the law. As a rule, it

seems very well settled indeed, and the case before us must be tried by it.

[3.] The judgment for costs, under which this land was sold, was entered up in a suit which had been instituted upon a promissory note, made and executed by Solomon P. Kent and others, in favor of, and payable to " the administrators of John W. Harper." We find by the record, that suit was brought in the name of " Anselmn L. Harper and William Shaw, administrators of John W. Harper, deceased." The verdict is for the "plaintiffs" ; the judgment follows the verdict, and the execution issued in favor of " Anselmn L. Harper and Wm. Shaw, administrators," &c. They have not sued *as administrators*, and, therefore, according to the above rule, they did not elect to treat the debt other than as one personally due them.

Of course, if the recovery was their's, personally, and the costs were due to them personally, all the incidents of such recovery must take effect with reference to them, and in no wise have relation to their intestate's estate. The officers, then, should have issued their *fi. fa.* against Anselmn L. Harper and Wm. Shaw, the plaintiffs in the case, and have caused a levy to have been made upon their property ; for, according to the law which prevails on this subject, they had no right, whatever, to have this execution levied upon the land in question, belonging to the plaintiffs in error, and received from this estate ; and the title of plaintiffs in error, was, of course, not divested by the sale.

The Court erred, therefore, in rejecting the exemplifications of the record from Clark County, offered for the purpose of showing that these administrators had declared on said note in their individual, and not their representative character.

Not only, does the record, which was thus rejected, show that these administrators had elected to treat this debt as their own, and not a debt of the estate ; but the settlement between them and the heirs, as proven by the depositions of Green

B. Haygood, Esq. seems to encourage this conclusion, and hence, these depositions should have been admitted.

[4.] The doctrine that a purchaser without notice, for a valuable consideration, is entitled to the protection of the Courts, which was invoked by the Counsel for the defendant in error, does not apply to such a case. That doctrine is applicable, where there is prior equitable title only; but where there is prior legal title the rule is *caveat emptor.*

Here, if there was no foundation for an execution for costs, against the estate of John W. Harper—if the officers were not entitled, as they clearly were not, to enter up judgment against the goods and chattels, rights and credits of John W. Harper, in the hands of Anselmn L. Harper and William Shaw, *as administrators, &c.* they should not have caused their execution for costs to be levied on property of the plaintiffs in error, which had been property of the estate; the levy was a trespass and the title of plaintiffs in error was not divested by the sale. Such title remained in them, and the purchasers cannot be protected against that title.

These considerations dispose of the case, and make it unnecessary for us to examine any other point made by the plaintiffs in error.

Let the judgment be reversed.