## ZELLNER, administrator, *vs.* CLEVELAND *et al.*

Where, in 1858, a guardian loaned money of his wards and took notes therefor, payable to himself, guardian, etc., the title to the notes vested in him, and he was responsible to his wards for their estate. Having sued on the notes, recovered judgment, filed a bill to enforce the judgment against certain property, and died during its pendency, his legal representative should have been made a party in his stead.

(*a.*) In many cases, on the death of a suitor, who is a guardian, his successor in office will be made a party, as where the suit is instituted to recover the ward's distributive share of an estate or property, the title to which is in the ward; and on the death of a guardian pending such a suit, if there be no successor, a court of chancery may appoint a guardian *ad litem;* but in the present case, the title to the chose in action was in the guardian, and moreover, the wards having become of age, there could be no successor.

(*b.*) Besides, the guardian, having litigated for years, and doubtless laid out money in costs and expenses, has an interest in this suit to have them refunded.

October 24, 1882.

Guardian and Ward.    Administrators and Executors. Parties.    Before Judge CRISP.    Crawford Superior Court. March Term, 1882.

Reported in the decision.

R. P. TRIPPE, for plaintiff in error.

J. C. RUTHERFORD ; HALL & SON, for defendants.

SPEER, Justice.

Thomas E. Chambliss, guardian of the minors of Israel Chambliss, filed a bill against Wilde C. Cleveland, as executor of Washington Cleveland, and as trustee for O. C. Cleveland and Orlina Cleveland, alleging that he had recovered judgment against the executor aforesaid for money loaned by him as said guardian to Washington C. Cleveland, for which said Washington gave his notes; that said Washington C. had. in his lifetime, when insolvent, with intent to hinder and delay creditors, made two several voluntary deeds for certain lands to said Wilde C. as trustee for said Oliver C. and Orlina Cleveland, and praying the cancellation of said deeds and the sale of the lands to satisfy said judgment.    Oliver C. became of age, and was made a party in his own right.    Orlina married Lamar, who became her trustee, and was made a party. The complainant, Chambliss, died ; Zellner, his administrator, moved to be made a party complainant.    The court refused the motion, holding "that the successor in the guardianship was the proper person to be made a party ; or, if the wards of Chambliss had reached majority, they were the proper parties."

The bill filed by Chambliss shows that the minors had

attained their majority when the motion was made. Error is assigned on this refusal of the court to allow Zellner, as administrator of Chambliss, to be made a party, and that is the only question this record presents for our view.

The notes sued on by Chambliss were payable to him, guardian of the minors of Israel Chambliss, and the judgment recovered was in his favor as such. To enforce this judgment this bill is filed. The first question presented is, to whom did these notes belong, who held the legal title, and what is the legal effect of the words in the note, "guardian of the minors of Israel Chambliss"? We think it clear that the legal title to this chose in action was in Chambliss. He was the payee and entitled in life to sue and recover thereon, and the superadded words, "guardian," etc., were mere *descriptio personœ*, and may be treated as surplusage. 51 *Ga.*, 482; 52 *Ga.*, 27. In *Oglesby vs. Gilmore et al.*, 5 *Ga.*, 56, this court held that a note payable to an administrator as such, is only a description of the person, he may sue in his own name, and if he sue on it as administrator, that is only *descriptio personœ*, and may be rejected as surplusage, and that a judgment recovered by the administrator is a debt due to him in his personal character, upon which suit may be brought in his own name.

So, also, it was held in an action of trover brought by trustees, in whom the legal title vested, the allegation, "that they sue for and in behalf of one of the *cestuis que trust*," the words setting forth the uses were merely words of surplusage, the trustees being the real parties.

It is well settled that all actions on contracts must be brought in the name of the one in whom the legal interest is vested. Code, 3257; 5 *Ga.*, 56; 1 Kelly, 83. It may be true that the note sued on may have been for money loaned as guardian, but it is clear the legal title to the note or contract was in Chambliss; as such owner he sued and recovered, and so the title remained till his death. Upon his death the title to his personal estate passed to his repre-

sentative, first, to pay debts, etc., and then for distribution, and as he was, at the time of his death, seeking to enforce a judgment which belonged to him individually, and his title to which was never questioned, we cannot see why his representative may not be allowed to prosecute this judgment which he recovered to its final collection or insolvency. Admit the funds in his hands were originally the estate of his ward, under the law, then he was authorized to loan them at interest, and when he did so, he took the contract of loan in his own name; he was entitled to collect it, of course eventually being liable to his wards for a like amount, but not for the identical money he had received. The act of loaning made him, under the law of that day, liable for the amount to his ward, unless in said loaning he exercised the caution of a prudent man, and that liability against his estate, on his decease, has precedence over any other debt, though it be in judgment. 1 Kelly, 166.

A guardian may assign or transfer notes taken by and payable to him as guardian, and the purchaser or assignee who buys gets a good title if he buys in good faith. 33 *Ga.*, 372. In this case cited, the court held: "The legal title to promissory notes and other evidences of debt, taken by a guardian, executor or administrator (for their power, duties and trust in this respect are the same), is in such guardian, executor or administrator, and he has the right to collect or sell the same, passing the legal title to the transferee." 33 *Ga.*, 379.

When a guardian puts out his ward's money at interest, and has to resort to suits to collect it, it is right to allow him reasonable attorney's fees for the collection. 29 *Ga.*, 82.

Under these rulings and principles, we think that Chambliss had the title to this original chose in action at the time of his death, and the same passed on his death to his administrator, and that such administrator has a right to be made a party and prosecute the suit to a finality for the benefit of the estate of his intestate, leaving these wards,

who are *sui juris*, to their rights against said estate for an account, either against it or the securities on the guardian's bond, or both.

But it is said that, under the 3423 section of the Code, where a guardian litigant dies, provision is made for the appointment of his successor as a party to such suits as he may have pending in his fiduciary character. We do not regard this suit as pending in such a character. It was a suit for the benefit of the intestate in his life to recover money due him on a contract made by him and the title or interest in which was vested in him by law, and that interest and title passed to his administrator.

We do not mean to say that in many cases, on the decease of a suitor who is a guardian, his successor in office should not be made a party in his stead, where the suit is instituted for the ward,—for instance to recover the ward's distributive share of an estate from an administrator, or to recover property where the title is in the infant ward ; and on the death of a guardian, and if there should be no successor appointed, that a court of chancery may not appoint a guardian *ad litem* for a suit already pending (2 Kelly, 73); but in a suit to enforce the collection of a chose in action taken by the guardian, payable to himself, for money loaned in managing the ward's estate, we hold that the representative of such guardian, when deceased, is a proper party to such a suit. In this case, the record shows the wards have all attained their majority, and there can be no successor to the guardian appointed; and further, it appears that none of these wards seek to be made parties to this suit ; it may be for the reason they do not care to sanction and adopt this contract or loan, but prefer to look to the estate of their deceased guardian for account and settlement. Under these circumstances, it would be a case of great hardship to deny the estate of this intestate the right to prosecute this suit, and at the same time require his representative to account fully to these wards. It was the duty of this complainant to enforce this con-

tract while in life. It might be questionable whether these wards could do so, as, under our view, the title to this contract being in the complainant individually, when in life, passed to his representative on his death; and we think his estate should be allowed to proceed for this purpose through its representative.

Moreover, the presumption is that this complainant below has expended money in costs and expenses attending this litigation extending over many years, and he has an interest in this suit to be repaid these costs and expenses. In every view, we think this administrator is entitled to be heard, to protect the estate of his intestate.

Judgment reversed.