SAFFOLD *vs.* BANKS, administrator.

1. Where an execution was proceeding in the name of B., " administrator," it made no difference that at the time of the levy the estate of B.'s intestate was not represented. The *fi. fa.* could not have proceeded in the name of such representative, had there been one, and the absence of such representation was, therefore, no ground for an affidavit of illegality.

2. A note made payable to B., administrator of E., is the property of B., and not of the estate of his intestate. Therefore, where judgment had been obtained on such a note, execution had issued, and affidavit of illegality had been filed, one who had been appointed administrator *de bonis non* of E. (B. having died) could not be made a party to this proceeding at law.

(*a.*) If B. had only the naked legal title to the note, and the entire beneficial interest was in the estate of E., it would seem that when the money had been collected by the sheriff, the administrator *de bonis non* of E. might move a rule against the sheriff, or become a party to such rule, and the money could thus be distributed according to the equitable rights of the contestants.

3. All judgments against securities or endorsers on any bill of exchange, promissory note or other instrument in writing, should designate and identify the relation of the parties under the contract on which the judgment was rendered. The judgment in this case, as it appears from the record, fails so to do.

(*a.*) If the original declaration, process, pleas, verdict or confession of judgment, and judgment, are lost or destroyed, copies may be established instanter on motion ; but where they have been carried to record, as provided by law, and are afterwards lost, the record is evidence of their contents, and must stand as importing verity until corrected, if erroneous. If the originals have been lost or destroyed without being recorded, their contents may be proved without establishing copies. If they have been recorded, but there is error in the record, it may be corrected.

4. Where a note and a judgment recovered thereon were in the name of B., administrator for E., the fact that the execution issued thereunder described B. as administrator only, makes no difference, the words, "administrator of E." being mere surplusage.

5. That an execution described one of two defendants as a security, while he was not so described in the judgment, would be a variance ; but if the judgment, as recorded, did not speak the truth, as it existed in the original judgment, the record could be corrected, and then there would be no variance, A *fi. fa.* in the name of B., administrator, is the *fi. fa.* of B., and it makes no difference that it was not stated who was the intestate.

(*a.*) The dockets, minutes and records of courts of record should be so kept as to represent the entire proceedings just as they transpired ; if they have not been so kept, it is the duty of the judge to see to it that it is done. If any question arises as to what was done, the judge, without the aid of a jury, must hear and determine the matter upon the evidence submitted. If the records fail to speak the truth as to the disposition of any case, or any question concerning it, on sufficient evidence *aliunde*, they will be corrected in a direct proceeding for that purpose.

December 30, 1882.

Administrators and Executors. Levy and Sale. Practice in Superior Court. Judgments. Principal and Endorser. Before Judge SNEAD. Morgan Superior Court. March Term, 1882.

A *fi. fa.* in favor of " Francis A. Banks, administrator," against " Wm. O. Saffold, principal, and Thos. P. Saffold, security," was levied on certain property as belonging to Thomas P. Saffold. He filed an affidavit of illegality on the grounds set out in the decision. The first five of these were stricken, and a trial was had on the sixth

ground. It being made to appear that Banks was removed from the administration of the estate of Eubanks, and was succeeded by A. G. Foster, who died, leaving as his executor F. C. Foster, who also became administrator *de bonis non* of the estate of Eubanks, the court allowed F. C. Foster, administrator *de bonis non*, to be made a party, and ordered the case to proceed, there having been no living representative of the estate at the time the levy was made.

The only part of the evidence material to an understanding of the points decided is as follows: In 1866 "Francis Banks, administrator of Alfred Eubanks, deceased," brought complaint against William O. Saffold, principal, and Thomas P. Saffold, security, on a promissory note payable by them to " Francis A. Banks, administrator of the estate of Alfred Eubanks, deceased, or bearer." Defendants confessed judgment, and a judgment was entered up in favor of the plaintiff against "the defendant." Upon this judgment the *fi. fa.* in controversy issued. The original papers in this suit were lost, and the records of them were used in evidence.

After verdict in favor of the plaintiff in *fi. fa.*, and a refusal of a new trial by the court, the defendant, T. P. Saffold, excepted.

The other facts are stated in the decision.

CALVIN GEORGE ; F. JORDAN, for plaintiff in error.

F. C. FOSTER ; A. REESE ; McHENRY & McHENRY ; J. A. BILLUPS, for defendant.

CRAWFORD, Justice.

The plaintiff in error in this case filed an affidavit of illegality to an execution which had been levied upon his property, setting up therein six grounds upon which the same was proceeding against him illegally.

Five of these were stricken on demurrer, issue formed on the sixth, a trial had therein, with verdict for the de-

fendant in error, which the court refused to set aside, and that refusal, with the rulings on the demurrer, are assigned as error.

The grounds of the illegality are substantially:

(1.) That the execution is proceeding in the name of Francis A. Banks, administrator, etc., who is dead; that A. G. Foster, who was appointed administrator *de bonis non* of the same estate, is also dead; that none other has been appointed in his stead; therefore, there is no legal representative of the said estate in whose name the said execution can proceed.

(2.) That the judgment did not designate and identify the relation of the parties under the contract as required by law, the deponent being only a security, and sued as such.

(3.) That the judgment and confession of judgment fail to describe the plaintiff as described in the declaration, and do not follow the same.

(4.) The execution does not follow the judgment, in that it is proceeding against deponent as security, when the judgment fails so to describe him.

(5.) The execution fails fully and properly to describe the plaintiff, only stating that he is administrator, without stating for whom.

(6.) There was no process nor waiver thereof, nor appearance, nor pleading.

Upon the calling of the case for trial, it was made to appear to the court, that A. G. Foster had been regularly appointed administrator *de bonis non* of Alfred Eubanks, deceased; that the said A. G. Foster had departed this life; that F. C. Foster had been legally appointed his successor as administrator *de bonis non* of the estate of the said Alfred Eubanks, and that the said F. C. Foster was the legally constituted executor of A. G. Foster, deceased, whereupon the said F. C. Foster, administrator *de bonis non* of Alfred Eubanks, and executor of A. G. Foster, was made a party plaintiff to the said cause, and the same

ordered to proceed. To which order and judgment of the court defendant by his counsel excepted.

The first five grounds taken in the affidavit of illegality having been stricken, the plaintiff joined issue with the defendant on the 6th, when a jury came, and under the evidence and charge of the court, they returned a verdict for the plaintiff, and judgment was rendered accordingly. The defendant moved for a new trial, which was refused, and he again excepted.

1. The first question which we are called on to decide is, whether the *fi. fa.* in this case was proceeding illegally, because there was no legal representative of the estate of Alfred Eubanks in whose name it could proceed at the time of the levy. As the *legal representative of the estate of Eubanks*, could not have this *fi. fa.* proceed at all in *his* name, it was wholly immaterial whether or not *he* had any representative, in so far as the levy was concerned. There was no merit, therefore, in this ground of the affidavit of illegality, as set out therein.

2. The second is, did the court err in permitting F. C. Foster, administrator *de bonis non* upon the estate of Alfred Eubanks, and the executor of A. G. Foster, to be made a party plaintiff in this case?

The note upon which the suit was brought was made payable to F. A. Banks, administrator of Alfred Eubanks; the declaration set out the same fact; it was apparent, therefore, that the contract was made with the said Banks, and not with Eubanks, his intestate, and the judgment recovered thereon fixed and confirmed the debt as due to him in his personal character.

This has been the settled law of the state for more than a third of a century, as may be seen in 5th *Ga.*, 56; 10th, 266; 11th, 599; 16th, 151; 33d, 379; and in *Zellner, administrator, vs. Cleveland et al.*, decided at the present term, not yet reported. The addition of the words, administrator, etc. to the name of the plaintiff did not change the character of the suit or the legal title of the plaintiff

to the note sued.   The exact words, as used in this suit, have been uniformly held to be mere surplusage, and that being so, Francis A. Banks was the plaintiff and the Saffolds the defendants; how, then, could any one, except the legal representative of the plaintiff, Banks, be made a party?   Though the administrator *de bonis non* of Eubanks might have been interested in the recovery, that gave him no right to be made a party to a suit at law in the place of a deceased plaintiff whom he in nowise represented.

We hold, therefore, that the court erred in allowing Foster, the administrator *de bonis non* upon the estate of Alfred Eubanks, to be made a party plaintiff in the place of Francis A. Banks, who was the plaintiff in the cause below, and to which cause no one could be made a party at law, except it be his own legal representative.

Whilst this may look in some respects to be merely technical, and the cause of delay and inconvenience in this particular case, yet in another, perhaps, to allow an administrator *de bonis non* to enter upon and take possession of all the assets of a deceased administrator, without allowing his representative an opportunity to be heard, or possibly in a case where he has none, might work a more grievous wrong and hardship than to allow the rule to stand as heretofore recognized and administered.   Nor do we apprehend the disastrous consequences to the true owners feared by counsel for defendant in error.   For if it be true that the deceased administrator held, as claimed on the argument, in this chose in action, nothing but the naked legal title, with the entire beneficial interest in the heirs of Alfred Eubanks, then it would seem that when the money was collected by the sheriff, the administrator *de bonis non* might move a rule, or be made a party to one which would distribute the money according to the equitable rights of the contestants, doing wrong to none, and yet justice to all.

3.  The third ground in the affidavit of illegality is, that

the judgment did not designate and identify the relation of the parties under the contract as required by law, the deponent being only a security under the contract, and described as such in the pleadings.

All judgments against sureties or indorsers on any bill of exchange, promissory note or other instrument in writing, shall designate and identify the relation of the parties under the contract on which the judgment was rendered. Code, §§2159, 3572.

The record of the case in the office of the clerk of the superior court shows that the judgment in this case was not entered up as directed by law, and until the same is amended and corrected so as to speak the truth, if it be not the truth, the judgment must stand, subject to the error complained of in this ground of the affidavit of illegality.

If the original declaration, process, pleas, verdict or confession of judgment, and judgments are lost or destroyed, the same may be established instanter on motion ; but where they have been carried to record as provided by law, and are afterwards lost, then the record is evidence of their contents, and must stand, as it imports the verity thereof, until the same be corrected, if erroneous. If they have not been recorded, they do not cease to be records because they have not, and if lost or destroyed their contents may be proved without establishing the originals. 50 *Ga.*, 378 ; 57 *Ib.*, 249.

Almost similar mistakes and omissions to those set up in this affidavit of illegality appear to have occurred in the case of *Saffold vs. Wade*, reported in 56 *Ga.*, 174, where the necessary amendments were made and the *fi. fa.* proceeded. Whether the original papers were lost after being recorded does not appear in the report of the case, so that, in that case it may have been necessary only to have amended them, whereas in this the amendment and correction of the record itself must be made; but even this is within the power of the court. 16 *Ga.*, 194 ; 59 *Ib.*, 589 ; 64 *Ib.*, 645 ; 61 *Ib.*, 680.

4. That the judgment and confession fail to describe the plaintiff as fully as he is described in the declaration, is in this case wholly immaterial.

5. This ground sets up the fact that the *fi. fa.* does not follow the judgment, in that it is against the deponent as security, whilst the judgment does not so designate him. If it be true that the recorded judgment does not speak the truth, as it existed in the original judgment, when that is corrected there will be no variation between the judgment and the execution.

6. That the *fi. fa.* fails to describe the plaintiff, further than by stating that he is administrator, without stating for whom, in no wise affects its validity or force.

The remaining questions appertain to the trial of the issue formed on the last ground of the affidavit of illegality by the jury, and are immaterial in the view taken of this case by the court. The questions made by the plaintiff in error, except as to the fact set out in the first ground of his affidavit, that there was no legal representative of the estate of Alfred Eubanks, were questions arising upon and out of the records of the court, which were not matters to be sent to the jury at all. The dockets, minutes and records of all courts of record should be kept so as to represent their entire proceedings just as they transpired; if they have not been so kept, it is the duty of the judge to see to it that it is done; and to this end, as well as others, during each term everything is considered *in fieri* until the final adjournment. If, however, any question arises as to what was done, either during or after the expiration of the term, the judge, without the aid of a jury, must hear and determine the matter upon the evidence submitted. And so, too, if the records fail to speak the truth as to the disposition of any case, or of any question concerning it, on sufficient evidence *aliunde* in a direct proceeding for that purpose, they will be corrected. 61 *Ga.*, 680; 56 *Ib.*, 246; 42 *Ib.*, 441.

The case must be remanded that proper parties be made,

the truth ascertained, and justice administered according to law.

Judgment reversed.