ROUSH *v.* FIRST NATIONAL BANK OF CHARLESTON.

1. The petition, in an action brought by a bank upon promissory notes payable to a named person as cashier, or order, was amendable by alleging that this person was in fact the cashier of the plaintiff and that the notes were its property. After the petition was thus amended the action was maintainable by the bank.
2. The petition in such case was further amendable by alleging that certain stock deposited as collateral security for the payment of the notes sued on had been sold for a specified amount and that the defendant was entitled to a credit for the same.
3. Upon the other legal questions presented, the present case is controlled by the decision of this court in *Waring* v. *Gaskill*, 95 *Ga.* 731, and upon the undisputed facts the judgment below was correct.

Submitted June 18, — Decided July 28, 1897.

Complaint on notes. Before Judge Ross. City court of Macon. September term, 1896.

On May 12, 1896, the bank brought suit upon two promissory notes for $5,200 each, dated March 11, and October 28, 1891, the one due at one year, the other at six months, payable to J. C. Simonds, cashier, or order, at the First National Bank of Charleston, with discount before and interest after maturity, at eight per cent. Each recites, that "having deposited with said cashier one hundred and fifteen shares of Palmer Manufacturing Company stock, also collateral to another note of mine for fifteen hundred dollars, dated April 22d, 1890, interest being paid on same to April 28th, 1891, as collateral security for this or any other indebtedness, either as drawer, endorser, acceptor or otherwise, and in case this or any other indebtedness shall not be paid when due, or on demand, I hereby give to said cashier authority to sell the said security or any part thereof, for my account, at any time, at public or

private sale, at his discretion, without advertising the same or giving me any notice; and to apply so much of the proceeds of said security to the payment of this or any other indebtedness, as may be necessary to pay the same, with all interest due thereon; and also to the payment of all expenses attending the sale of said security. If the net proceeds of the said security shall not cover the amount due upon this or other indebtedness, I hold myself bound to pay the balance forthwith after such sale, with interest at the rate of eight per cent. per annum." On July 6, 1896, an amendment to the declaration was filed by the plaintiff, in which it alleged that, as collateral security for the payment of the note sued on, the defendant pledged to it 115 shares of stock in the Palmer Manufacturing Company, and that in pursuance of the notes, on June 25, 1895, the 115 shares were sold by the plaintiff in accordance with the power of sale contained in the notes, the highest price obtainable being realized for the same; and that the amount which the stock brought at the sale was $1,716, which should be credited on the notes as of June 25, 1895; and the plaintiff prayed judgment in its favor for the balance due.

The defendant demurred upon the following grounds: It does not affirmatively appear that the plaintiff has any such right, title or interest in the notes sued on as would authorize the institution of a suit by the plaintiff, both of the notes affirmatively showing that they are payable to J. C. Simonds, cashier, or order, and there is no allegation of any indorsement by Simonds, cashier, to the plaintiff, whereby the plaintiff can institute any suit on the note in its own name. It does not affirmatively appear that any of the conditions precedent to the institution of a suit on the notes has been complied with. There are no allegations in the petition that the stock admitted to have been deposited with said cashier has been sold, either at public or private sale, by him, or if sold, for what amount sold, when sold, and what balance, if any, would be due on said notes after the application of the avails of any sale or sales if made. It does not appear in the petition that any sale or sales of the stock have ever been made

whereby a right of action could accrue on the notes. The amendment was demurred to on the following grounds: Under the terms of the notes, no right or authority was given to the plaintiff to sell or dispose of any or all of the shares mentioned in the notes and apply the proceeds thereof to the payment of the notes, but the same was expressly limited to a sale by J. C. Simonds, cashier. Until said cashier has sold the security or some part thereof, and has applied the proceeds arising from the sale thereof to the notes, neither he nor the plaintiff, nor any other person, even with indorsement over, could maintain a suit on the notes. The amendment is in effect a separate and distinct cause of action, the original suit being one in assumpsit as if on ordinary promissory notes, and the amendment is in fact upon a liability springing out of a contract wherein defendant's liability was not a fixed one but depended on the balance remaining due after a sale of the stock hypothecated, and which could only be ascertained after a proper and legal sale by Simonds under the contract.

Both demurrers were filed at the first term. At the next term plaintiff offered to amend its petition so that the suit should proceed in the name of J. C. Simonds, suing for the use of the First National Bank of Charleston; and to amend further as follows: The notes sued on were given by defendant Roush for money borrowed by him from said First National Bank, and said notes were at the time of their execution the property of said bank, and are now its property, and they were made payable to said J. C. Simonds as a mere matter of custom and convenience to the bank, Simonds being the then cashier. This amendment was filed October 3, 1896; and upon the same day the court, after hearing argument upon the amendments and demurrers, overruled the demurrers, and thereupon heard the evidence and rendered judgment against the defendant for $6,698 principal, besides interest and costs. The defendant excepted to the allowance of the amendments, to the overruling of the demurrers, and to the judgment so rendered. The assignments of error as to the allowance of the amendments need not be specifically stated.

At the trial the notes sued on were introduced; and John

C. Simonds testified: He was cashier of the First National Bank of Charleston. The notes sued on are past due and unpaid. They belonged to the bank. They were made payable to J. C. Simonds because that is the way the bank takes collateral notes. The collateral was sold by the First National Bank on June 25, 1895, to Andrew Simonds at $15 per share, amounting to $1,725, less expenses $9. It was sold at public sale. It was advertised in the daily newspaper and sold to the highest bidder, and realized the then market value. The bank wrote to defendant asking him to pay his notes, and in some instances received no reply. On March 12, 1892, the bank received from him a letter of that date, addressed to its president, saying: "This is to certify that I give my permission for you to effect a sale of any part, or all, of the Palmer Manufacturing Company stock held by your bank as collateral security for money loaned me. Hoping you will be able to secure a fair price for the same, I am," etc. Prior to the public sale a broker tried to effect a private sale, but did not succeed. Witness, as cashier, ordered the stock sold, and took the usual necessary steps to effect the sale. It was not sold for any other account than of the bank, and was sold by witness's authority as cashier, and the authority of Andrew Simonds, president, and defendant, and it was sold by the bank. The bank held the securities at the time of the sale. The Palmer Manufacturing Company has paid no dividends for years, and the stock has not increased in value since the date of sale.

*Kibbee & Hodges* and *W. J. Grace*, for plaintiff in error.
*Anderson & Anderson*, contra.

COBB, J. The official report states the facts.

1. The action having been brought in the name of the First National Bank of Charleston upon certain promissory notes, copies of which were attached to the petition, and the notes being payable to "J. C. Simonds, cashier, or order," and payable at the First National Bank of Charleston, there was no error in allowing an amendment to the petition, which alleged that the payee of the notes was in fact cashier of the plaintiff, and that the notes were the property of the plaintiff.

Civil Code, § 5098; *Hobbs & Tucker* v. *Chemical National Bank,* 97 *Ga.* 524.

Nor was there any error in allowing a further amendment substituting the name of J. C. Simonds in the suit as plaintiff suing for the use of the bank. Civil Code, § 5105. The first amendment was sufficient to authorize the plaintiff to proceed with the suit in its own name, and the latter amendment, though lawful and proper, was unnecessary, and was therefore harmless.

2. Where the note sued on was secured by the deposit of certain stock which, under certain conditions, could be sold by the payee and the proceeds applied to the payment of the notes, there was no error in allowing an amendment to the petition, in which it was alleged that such stock was deposited as collateral security, and had been, before the filing of the suit, sold for a specified sum, and admitting that the defendant was entitled to a credit for that amount.

3. Even if the sale of the stock was unauthorized and void, as it appeared from the evidence that the actual value of the stock on the date of the sale was obtained and a credit for that amount had been allowed to the defendant on the debt, and it appeared that there had been no change in the value of the stock between the date of the sale and the date of the trial, under the principle of the decision by this court in *Waring* v. *Gaskill,* 95 *Ga.* 731, the trial court was right in rendering a judgment for the plaintiff for the amount of the notes, after the net proceeds of the sale of the stock had been applied as a credit on the debt.

There was no error committed by the judge of the court below, and the final judgment was correct.

*Judgment affirmed. All the Justices concurring.*