### 2143.  KENNEDY, executor, *v.* GELDERS.

1. Both the legal and the equitable title to a promissory obligation payable to R., "executor of" a named estate, are prima facie in R. individually, but parol evidence is admissible to show that the real interest is in the estate represented by him, wherever it is competent, under the form of action before the court, to assert an equitable title.

2. Where the executor of an estate lends money belonging to the estate, but takes notes therefor payable to himself, using such language as to place the legal interest in the obligation in himself personally, and he dies, his successor in the administration of the estate can not sue at law upon the obligation, but the suit should be instituted in the name of the personal representative of the deceased executor.

3. In a case of the kind mentioned in the preceding headnote, when the successor in the trust has instituted the suit it may be amended by naming the personal representative of the deceased executor, suing in his representative capacity, as nominal party, for the use of the successor in the representation of the original estate.

Complaint; from city court of Fitzgerald—Judge Wall. September 9, 1909.

Submitted December 7,—Decided December 24, 1909.

*B. J. Reid, L. Kennedy,* for plaintiff.

*Joseph B. Wall,* for defendant.

POWELL, J.  Kennedy, describing himself as executor, but in reality, as appears from the amplified allegations of the petition, administrator de bonis non cum testamento annexo for the estate of C. L. Blystone, brought suit against Gelders on a promissory note by which Gelders had promised to pay to the order of "E. W. Ryman, executor of C. L. Blystone's estate," a given sum of money. It was recited that the note was taken by Ryman while he was executor, but that later he died and the plaintiff succeeded him in the representation of the estate of Blystone.  It was alleged, that the note belonged to the estate, and that the consideration of the note was money belonging to the estate of C. L. Blystone, loaned to the defendant by said Ryman as executor of the last will and testament of the deceased.  Demurrer was filed, on the ground that the plaintiff did not show legal title in himself to the note; that the note showed on its face that the title to it had been in Ryman individ-

16

ually, and that upon his death the right of action thereon had accrued to his personal representative and not to his successor in trust.    The court sustained the demurrer, and the plaintiff excepts.

1.   Where the name of the payee in an obligation is followed by the words executor, administrator, guardian, etc., whether generally or as of a named person or estate, both the legal title and the equitable title are prima facie in the payee individually, and the added words are to be regarded as mere descriptio personæ.    Legally speaking, the title to the instrument is in the individual, and not in the person or estate he represents.    However, wherever the status of the matter is such as to authorize the admission of parol evidence to show where the true or equitable title vests, slight circumstances are generally sufficient to rebut the presumption and to establish the fact that, while the obligation is nominally the property of the payee personally, it really and equitably belongs to him only in his representative capacity.    *Dozier* v. *McWhorter*, 117 *Ga.* 786 (45 S. E. 61).    To admit parol testimony for this purpose is not violative of the statute of frauds, or of the parol-evidence rule.    Higgins *v.* Senior, 8 Mees. & Wels. 834, 844.    But nothing in the principle just stated militates against the proposition that the legal title vests only in the payee personally, in such cases.

2.   Where a fiduciary loans money belonging to his cestuis que trust and takes notes therefor payable to himself, though he adds the word "guardian," "administrator," or "executor," as the case may be, the legal title to the notes vests in him; and if he dies, the legal title descends to his personal representative, and not to his successor in the trust.    *Zellner* v. *Cleveland*, 69 *Ga.* 631; *Saffold* v. *Banks*, 69 *Ga.* 289.    Under the provisions of §4939 of the Civil Code, where an action at law is brought on a contract, it must be instituted "in the name of the party in whom the legal interest in such contract is vested."    Now, in the present case, the legal title to the note, during the lifetime of Ryman, was in himself personally, and, upon his death, descended to his personal representative.    Therefore, under the cases from the 69 *Ga.*, cited above, upon Ryman's death his successor in the trust had no right to bring suit on the note.    Nothing herein decided is contrary to the proposition announced in the case of *Dozier* v. *McWhorter*, supra, or in the cases there cited, for those were cases in which the equitable title, and not the legal title, was involved.    In the second headnote

in the case of *Saffold* v. *Banks,* supra, as well as at the conclusion of the second division of the opinion in that case, this distinction is recognized. It may be that under the authority of *Daniel* v. *Hollingshead,* 16 *Ga.* 190, an executor or administrator who has suffered a debt to be contracted with him for or on account of the estate he represents can, at his option, declare upon the debt as one due him in his representative capacity, or as due to him personally; yet, under the cases cited from the 69 *Ga.,* above, and upon the reasons there given, if the executor or administrator does not institute the action in his lifetime, his successor in the trust can not institute it in behalf of the estate after his death, if the proceeding be strictly at law.

3. Counsel for the plaintiff in error ask that, in the event this court should take the view which we have taken above, they be allowed to amend by making the suit proceed in the name of Ryman's representative, for the use of Kennedy, as administrator, etc., of the Blystone estate. We will readily grant this direction in connection with the judgment of affirmance. Under the Civil Code, § 5105, a plaintiff who holds the equitable title may amend by substituting the name of the holder of the legal title, reciting that he is suing for the use of the former. *Germania Bank* v. *Collins,* 113 *Ga.* 1010 (39 S. E. 421), and cases cited. We may say, in passing, that the reconciliation between the case of *Daniel* v. *Hollingshead,* supra, and the two cases cited from the 69 *Ga.* above, may be found in the fact that our code (especially the section just cited and section 5106) so readily allows amendments of this nature, and also allows a person to amend where he sues individually, by converting the suit into an action in his representative capacity, and vice versa. Therefore, where the administrator or executor takes the title to the promissory obligation into himself personally, and he sues on it in his representative capacity, it is in substance a suit brought by himself as nominal party for the benefit of the estate as real party; and the equities between himself and the estate can be adjusted subsequently. But it will be seen that this principle can not be applied where the death of the representative has divorced (so to speak) the legal from the equitable title, and has put the one in the personal representative of the former administrator or executor, and the other in his successor in the representation of the original estate. The judgment is affirmed,

with direction that the plaintiff may amend by inserting the name of the personal representative of Ryman's estate, suing in his representative capacity, for the use of Kennedy, in his representative capacity, as administrator, etc., of the Blystone estate.

*Judgment affirmed, with direction.*