19329. LOVVORN *et al. v.* FAVOR, administratrix.

STEPHENS, J. 1. An administrator may, in a suit instituted by him in his representative capacity, recover on a note payable to himself personally, by alleging and proving that the debt was contracted for and on behalf of, and was due to, the estate of his intestate. *Daniel* v. *Hollingshead,* 16 *Ga.* 190 (2); *Roush* v. *First National Bank,* 102 *Ga.* 109 (29 S. E. 144).

2. A promissory note payable to a named person described in the note simply as "guardian" is a note payable to the named individual in his individual capacity. The word "guardian" after the name is mere descriptio personæ. *Saffold* v. *Banks,* 69 *Ga.* 289; *Zellner* v. *Cleveland,* 69 *Ga.* 631; *Kennedy* v. *Gelders,* 7 *Ga. App.* 241 (66 S. E. 620). The legal title to the note therefore vests in that individual.

3. In a suit by the administrator of a named estate in his representative capacity, to recover an alleged indebtedness to the estate, represented by a promissory note payable to him in his individual name, it was not error to admit in evidence the note sued on, over the objection that it was irrelevant and immateral to the issues as made by the pleadings.

4. It not appearing that the motion for continuance, which was made upon the ground of the absence of a witness, was not made for the purpose of delay, no error appears in the overruling of the motion. Civil Code (1910), § 5715; *Boggess* v. *Lowrey,* 78 *Ga.* 353; *Aiken* v. *Carmichael,* 127 *Ga.* 407 (56 S. E. 440).

5. The evidence as a matter of law demanded a verdict for the plaintiff, and the court did not err in so directing.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1929.

*Beall & Beall,* for plaintiffs in error. *E. S. Griffith,* contra.