SHINGLER, executrix, *v.* FURST *et al.*

No. 9120. FEBRUARY 20, 1933.

*J. T. Goree* and *C. E. Hay,* for plaintiff in error.

*H. G. Rawls,* contra.

BELL, J. (After stating the foregoing facts.) Mrs. Charlotte J. Furst brought suit against Mrs. Maude Y. Shingler as executrix of Joe M. Shingler, upon a note executed by Joe M. Shingler and payable to Mrs. Furst. The defendant filed an answer in which she attempted to plead as a set-off a note executed by Mrs. Furst and indorsed to "Maude Y. Shingler, ex." In aid of this defense the defendant sought to invoke affirmative relief as in a court of equity, based upon the alleged non-residence and insolvency of the plaintiff. Cf. *Hecht* v. *Snook,* 114 *Ga.* 921 (41 S. E. 74); *Hilton* v. *Rogers,* 152 *Ga.* 658 (111 S. E. 33); *Porter* v. *Davey Tree-Expert Co.,* 34 *Ga. App.* 355, 357 (129 S. E. 557). It is plain from the allegations of the petition that the defendant was sued in her representative capacity as executrix. *Jennings* v. *Wright,* 54 *Ga.* 537, 539; *Empire State Chemical Co.* v. *Shubrick,* 148 *Ga.* 551 (97 S. E. 541). Regardless of other questions, the defendant executrix can not maintain the defense of set-off without showing that the estate which she represents was either the legal or the equitable owner of the note signed by the plaintiff. Set-off must be between the same parties and in their own legal or equitable right. Civil Code (1910), §§ 4340, 4341; *Davis* v. *Hadden,* 115 *Ga.* 466 (41 S. E. 608); *Meyer* v. *Hiatt,* 40 *Ga. App.* 583 (2) (157 S. E. 567). The indorsement to "Maude Y. Shingler, ex.," prima facie conveyed the legal title to the instrument to Mrs. Shingler as an individual, and not to her as executrix. *Saffold* v. *Banks,* 69 *Ga.* 289 (2); *Zellner* v. *Cleveland,* 69 *Ga.* 631; *Greenfield* v. *Stout,* 122 *Ga.* 303, 304 (50 S. E. 111); *Stubbs* v. *Fourth National Bank,* 12 *Ga. App.* 539 (77 S. E. 893); *Williams* v. *Farmers State Bank,* 22 *Ga. App.* 656 (2) (97 S. E. 249). Such being the natural import of the indorsement, the answer, if the facts so authorized, should have contained allegations of fact to show at least that the equitable ownership of the note was in the estate; and in the absence of such allegations the answer was fatally defective as showing any legal or equitable right of action in the defendant as executrix. *Daniel* v. *Hollingshead,* 16 *Ga.* 190 (2); *Hobbs* v. *Chemical National Bank,* 97 *Ga.* 524 (25 S. E. 348); *Roush* v. *First National Bank,* 102 *Ga.* 109 (29 S. E. 144); *Lovvorn* v. *Favor,* 40 *Ga. App.* 386 (149 S. E. 721). As to any claim of ownership by the estate, the allegations

500

amounted to conclusions only, and the general averments touching this matter must, on demurrer, yield to the specific facts pleaded. *Reese* v. *Southern Ry. Co.*, 35 *Ga. App.* 369 (133 S. E. 284).

Whether or not the plaintiff's non-residence and insolvency could in any event have become material in this case, neither of these facts could have any bearing upon the claimed right of set-off until it first appeared that the legal or equitable title to the note was in the defendant as executrix. It follows that the trial judge did not err in sustaining the general demurrer and in striking the answer. In view of the construction which must be placed upon the answer, we do not reach, and therefore do not decide, the question whether an executor or administrator, when sued upon a note or contract made by the decedent, may plead as a set-off an obligation of the plaintiff which was not owned by the decedent at his death, but was later acquired by the legal representative of his estate. See *Anthony* v. *Miller*, 1 *Ga. Dec.* 30; *Crawford* v. *Beal, Dudley,* 204; *Mills* v. *Lumpkin*, 1 *Ga.* 511; *Collins* v. *Dixon*, 72 *Ga.* 475; *Dozier* v. *McWhorter,* 117 *Ga.* 786 (2, 3) (45 S. E. 61) ; *Rogers* v. *Dickey,* 117 *Ga.* 819 (6) (45 S. E. 71); Civil Code (1910), § 4345; McClenham v. Cotton, 83 N. C. 332; Bell v. California Safe Deposit & Trust Co., 168 Cal. 241 (141 Pac. 1181, L. R. A. 1915A, 299) ; 24 C. J. 762. *Judgment affirmed. All the Justices concur.*