26433. ROUNTREE *v.* SIMMONS, guardian.

DECIDED NOVEMBER 9, 1937.

*Hinton Booth,* for plaintiff. *W. H. Lanier,* for defendant.

BROYLES, C. J. This was a suit on a promissory note, payable to Mrs. P. L. Rountree, and signed as follows: "Paul Simmons, Guardian. Paul Simmons."

The suit was brought against "Dr. W. E. Simmons as guardian for Mary Elizabeth Simmons as principal, and Paul Simmons as surety." The petition alleged that the note was executed by Paul Simmons (who was then the guardian of Mary Elizabeth Simmons) as guardian for Mary Elizabeth Simmons, and was also signed by Paul Simmons individually, as surety; and that the note was given for the purchase-price of two mules which the plaintiff sold and delivered to "Paul Simmons, guardian," who

used them on his ward's farm, for her benefit, for five years; that, several years after the purchase of the mules, Paul Simmons resigned his guardianship, and Dr. W. E. Simmons was duly appointed and qualified as the guardian of Mary Elizabeth Simmons. The principal amount of the note (a copy of which was attached to the petition) was $185.92. The note had on it a credit of $80, and the amount sued for was $131.96, "together with 8 per cent. interest thereon since November 2, 1933, and ten per cent. of said principal and interest as attorney's fees."

This was a suit on a promissory note, and was an action at law, and not in equity. No authority being alleged in the guardian to bind the ward's estate, the note and contract of purchase were not enforceable against such estate. It is true that a ward, after becoming of age, may not equitably accept the benefits of an unauthorized contract of his guardian by retaining specific property so obtained, and deny to the seller the right to collect his money out of the specific property. And in equity a guardian can not refuse to pay for specific property so bought, and retain for his ward's benefit the funds obtained from a sale of the property. But whatever rights the plaintiff in this case may have, they are not enforceable in a suit like the instant one. The action was brought on the note alone, and not on an implied assumpsit, or for money had and received. In view of our decision hereinafter made, it is unnecessary to consider any other allegations of the petition. Paul Simmons did not make any defense to the suit, but W. E. Simmons, as guardian of Mary Elizabeth Simmons, interposed a general demurrer to the amended petition, which was sustained and the case dismissed. One ground of the demurrer was that "the note is not signed in such manner as to bind the ward, the same being signed: 'Paul Simmons, guardian.'" We think that the petition was subject to that ground of the demurrer. It has been repeatedly ruled by the Supreme Court and this court that where a promissory note is signed by "John Jones, guardian," the word "guardian" is mere descriptio personæ, and may be treated as surplusage. *Saffold* v. *Banks,* 69 *Ga.* 289 (2); *Zellner* v. *Cleveland,* 69 *Ga.* 631; *Kennedy* v. *Gelders,* 7 *Ga. App.* 241, 242 (66 S. E. 620); *Lovvorn* v. *Favor,* 40 *Ga. App.* 386 (2) (149 S. E. 721). The petition, properly construed (most strongly against the plaintiff), fails to show that the note sued on was executed by

Paul Simmons in his capacity as guardian of Mary Elizabeth Simmons, and as against W. E. Simmons as such guardian the action was properly dismissed on demurrer.

*Judgment affirmed. Guerry, J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. The petition in part alleges: "1. On February 2, 1931, the said Paul Simmons, who was then the guardian for the said Mary Elizabeth Simmons, minor, purchased from petitioner two certain mules to be used on his ward's farm located in said county. 2. On the same date, *as evidence of said purchase* and of his agreement as such guardian to pay the purchase-price of said mules, the said Paul Simmons, as guardian for the said Mary Elizabeth Simmons, executed and delivered to petitioner a promissory note, signed by him *as guardian,* for the sum of $185.92 principal, payable September 1, 1931, with 8% interest from date, which note he also signed individually as surety, a copy of same being hereto attached and made a part hereof. [Italics mine.] 3. In consideration of the giving of said promissory note and the promise to pay as therein contained, petitioner then and there delivered said mules to the said Paul Simmons, guardian, who carried them to his ward's farm in said county and put them in use on said farm in planting and cultivating the crops thereon, in which work they were kept in continuous use for a period of five years; that is, for the years 1931 to 1935, inclusive, which use enured to the benefit of said ward." The note, a copy of which was attached to the petition, was signed "Paul Simmons, Guardian (Seal)," and immediately thereunder was signed "Paul Simmons (Seal)." The petition set forth that the debt was due by the guardian of the estate of Mary Elizabeth Simmons, that the guardian was being sued as such, and that Paul Simmons was being sued as surety in his individual capacity. I do not think the action should have been dismissed on demurrer, as to the guardian. *Daniel* v. *Hollingshead,* 16 *Ga.* 190 (2); *Roush* v. *First National Bank,* 102 *Ga.* 109 (29 S. E. 144); *Lovvorn* v. *Favor,* 40 *Ga. App.* 386 (149 S. E. 721); *Sutton* v. *Sutton,* 25 *Ga.* 383.