39678. HARDWICK v. AVARY etc.

DECIDED NOVEMBER 29, 1962.

*Poole, Pearce & Hall, Richard P. Perry,* for plaintiff in error.
*Robert Lee Avary, Jr.,* contra.

JORDAN, Judge. 1. The note sued upon in this case being made payable to "A. G. Smith, Trustee," the legal title to said obligation was vested in Smith individually (*Dozier v. Mc-Whorter*, 117 Ga. 786, 789, 45 SE 61); and upon his death the legal title descended to his personal representative and not to the successor in trust. Consequently, the right to collect said note in an action at law accrued to the personal representative and not to the successor in trust. *Kennedy v. Gelders*, 7 Ga. App. 241 (2) (66 SE 620); *Zellner v. Cleveland*, 69 Ga. 631; *Saffold v. Banks*, 69 Ga. 289. Accordingly, while the successor trustee could have brought this suit in the name of the personal representative of Smith for the use of the plaintiff as trustee, he could not sue in his representative capacity as successor trustee to Smith in an action at law.

This case is distinguishable from *Bright v. Auto Finance &c. Co.*, 52 Ga. App. 841 (184 SE 786), cited by the plaintiff, in that in this petition there is no allegation that a transfer was made to the plaintiff by written indorsement or for value without an indorsement.

The trial court erred therefore in overruling the defendant's general demurrer to the petition.

2. The erroneous overruling of the general demurrer to the petition rendered the subsequent proceedings in the case nugatory.

3. Counsel for defendant in error asks, in the event the judgment of the lower court is reversed, that we affirmatively specify that the defendant in error be allowed to amend by making the suit proceed in the name of the personal representative of A. G. Smith suing for the use of Avary as trustee for Mrs. Tucker. This request is granted. See *Kennedy v. Gelders*, 7 Ga. App. 241 (3), supra.

*Judgment reversed with direction. Nichols, P. J., and Frankum, J., concur.*