## 40782. ATLAS FINANCE COMPANY v. McDONALD.

HALL, Judge. Atlas Finance Company brought suit in the Civil Court of Fulton County against Richard J. McDonald, on a note dated June 21, 1963, by which McDonald had promised to pay to the order of Confederate Motor Company a given sum of money. A copy of the note was attached to the petition. The note contains an assignment clause executed in blank by the Confederate Motor Company. While the petition alleges that McDonald is indebted to the plaintiff upon a note in a specified amount, neither the petition nor the note shows that a transfer has been made to the plaintiff by written indorsement or for value without an indorsement. The trial court sustained several special demurrers to the petition with 15 days to amend. The plaintiff filed an amendment in response to the trial court's ruling on one special demurrer. Upon its failure to file further amendments within the time allowed, the trial court dismissed the petition and the exception is to this judgment. *Held:*

1. "It is a principle ancient and well settled that a correct decision of a trial judge will not be reversed by . . . [an appellate court], even though he gives a wrong reason for his judgment." *Thomas v. Mayor &c. of Savannah,* 209 Ga. 866 (1) (76 SE2d 796).

2. A petition based upon a promissory note payable to the order of a third party is subject to general demurrer where it does not affirmatively appear that the note has been transferred to the plaintiff by written indorsement or for value without indorsement. *Hardwick v. Avary,* 107 Ga. App. 79, 80 (129 SE2d 379). Accord *Kersey v. Grant,* 47 Ga. App. 408 (170 SE 503); *Folsom v. Continental Adjustment Corp.,* 48 Ga. App. 435 (172 SE 833); *Lunceford v. Nunnally,* 65 Ga. App. 234, 238 (15 SE2d 620); cf. *Code Ann.* § 109A—3-201 (Georgia Uniform Commercial Code, as amended 1963).

The trial court did not err in dismissing the petition.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED JUNE 15, 1964—REHEARING DENIED JULY 2, 1964.

*Levy, Buffington & Levy, M. Alvin Levy,* for plaintiff in error. *James A. Able, Jr.,* contra.