No. 73.—WILLIAM E. MILLS, JONAS KING, and AMBROSE MILLS, plaintiffs in error, vs. JOHN H. LUMPKIN, administrator of THOMAS MILLS, deceased, defendant in error.

A debt which accrued in the lifetime of the testator or intestate, cannot be set off against a debt which accrues to the executor or administrator, after the death of the testator or intestate.

With regard to sets-off, courts of equity follow the law, unless where some *peculiar equities* intervene between the parties.

When a party comes into a court of equity to ask its assistance, to interfere with the legal administration of the assets in the hands of the executor or administrator, he should at least state a clear *prima facie* case, on his part, to justify such interference.

The plaintiffs in error filed a bill against the defendant in error, and Houston Aycock, sheriff of the county of Floyd, praying an injunction, which was sanctioned. The bill was made returnable to the April Term, 1846, of the Superior Court of said county of Floyd, and charged that the complainants were the only heirs at law of said intestate, the said Ambrose being his father, the said William E. his brother, and the said Jonas his brother-in-law ; that upon his death, his estate, of the value of $20,000, or other large sum, went into the hands of the defendant in error, as administrator; that the complainant, William E., purchased, at the administrator's sale of said estate, town property in Rome in said county, at and for the sum of $784, and the complainants executed to said administrator their joint and several note therefor, nothing doubting but that the said estate, of which they were heirs and distributees, was fully solvent, and that one of the complainants, the said Ambrose, was a creditor of the said intestate to the amount of four thousand dollars, or near that sum, and had filed his bill against said administrator for account and payment of his said demand, commonly called a creditor's bill, and in which other creditors of said intestate had joined as complainants, and which was still pending ; that said administrator had, of said estate in his hands, a much larger amount than the sum specified in said note, and which larger amount was due to the complainants, or one of them, from said administrator, and ought to be applied in payment of said promissory note, so far as the amount thereof, and the balance paid to the complainants ; notwithstanding all which, the said administrator commenced action against them on said note, returnable to April Term, 1844, of Floyd Superior Court, during the pendency of the creditor's bill aforesaid, and having perfected service upon one of the complainants, Jonas King, at the October Term thereafter, procured him to confess judgment, which confession was, by mistake, entered for $884 75, principal, besides interest and costs of suit, and judgment was rendered and signed accordingly, and which was between one and two hundred dollars more than was due upon the note.

That the defendant sued out an attachment against the complainants, or one of them, founded upon said note which was pending on appeal, and that judgment would be obtained thereon, unless restrained by the

timely interposition of the court. They expressly charged that they, or
some of them, were entitled in equity to receive from the administrator
a much larger sum of money than the amount of said note—their claim
amounting to $4,000, aforesaid, or other sum—and which amount was,
or ought to have been, in the hands of the administrator, and out of which
they were willing, and offered by the bill, to pay said note; that they
were advised, and believed, and therefore expressly stated and charged,
that the administrator was mismanaging said estate; had paid off some
favored pretended creditors their full demands, and was proceeding in
equity to marshal the assets, under pretence that the estate would be
unable to pay the debts due and owing thereby; that the said adminis-
trator was and had been making all the efforts in his power to defeat the
just claims of the complainants, and particularly that of the complainant,
Ambrose Mills, whose claims, as aforesaid, exceeded the sum of $4,000,
or some such large amount, consisting of bonds or notes under seal; and
that if the complainants were compelled to pay said administrator the
amount sought by him to be collected upon said note, they charged,
"that it was their belief, founded upon their knowledge of the conduct of
said administrator, in regard to said estate, and particularly to the claims
of said Ambrose Mills, as well as from information which they believed to
be true, that they would not be able to recover the same again from the
said administrator, and that the same would be wholly and entirely lost."
That one of the complainants, Jonas King, was the only security of said
administrator on the administration bond given by him for the due ad-
ministration of said estate; "and they had good cause to apprehend,
that if the money so sought to be collected from them, should go into the
hands of said administrator, it would be so managed as to render the
complainant liable therefor upon his said bond." The bill concluded with
a prayer for injunction to enjoin the administrator from proceeding on said
judgment and attachment; also for the correction of the confession of
judgment, so as to make it for the proper amount, and to perpetually en-
join its collection, and for a full and fair account and settlement with the
complainants, and especially with the said Ambrose, and for further re-
lief, &c.

The administrator answered the bill, negativing the alleged equity,
and gave notice to the complainants' solicitors of motion for rule nisi to
show cause why the injunction should not be dissolved upon the coming
in of the answer.

On the 17th day of July, 1846, the motion to dissolve the injunction
came on to be heard before Judge Wright, in chambers, when, after ar-
gument and consideration of the question, the judge below made the fol-
lowing decision, dissolving the injunction upon the case made by the bill
and answer: "Upon the hearing of the motion to dissolve the aforesaid
injunction, it is ordered by the court, that said injunction be dissolved,
upon the ground that the complainant has failed to pay up the sum ad-
mitted to be due upon the fi. fa. mentioned, and still does neglect and
refuse to pay the same." To which the counsel for the plaintiffs in error
excepted, and assigned for error in said decision, that it was erroneous in
law to dissolve the injunction on the ground that the complainants had not
paid the sum of money due on the fi. fa. mentioned in the bill, and still
refused to pay it; because one of the complainants was a specialty credi-

tor of the estate, and the complainants' heirs at law of the intestate, and the only distributees of said estate ; and the object of the bill being to restrain the collection of the *fi. fa.* mentioned, and no order requiring the money to be paid ; and if it was right and proper to grant the injunction at first, it ought to have been retained till the final hearing of the cause.

John W. H. Underwood, for the plaintiff in error,

Insisted that the decision of the Chancellor in the court below was erroneous, in dissolving the injunction, because it was proper at first to grant it, and the answer did not make such a case as required its dissolution ; and cited 2 *Story Eq.* 138, 139, sec. 840, 841, 842 ; also, 1 *Story Eq.* page 745; 3 *Meriv.* 29, 38.

William Martin and Howell Cobb, for the defendant in error.

Lumpkin, Judge, gave no opinion in this case, the defendant in error being a relative.

*By the Court*—Warner, Judge.

This was a bill of injunction, filed at the instance of the complainants, to restrain the defendant as administrator from collecting and reducing to possession the assets of his intestate, in the due course of administration, on the ground, one of the complainants held a much larger claim against the intestate, than the one which the administrator is attempting to enforce against them.

The claim which the administrator is endeavoring to collect out of the complainants, is for property sold by him since his intestate's death, and is founded on a note made payable to the adminstrator himself. The complainants seek to set-off, or discount so much of their claim, as will extinguish the demand of the administrator against them ; and to perpetually enjoin him from collecting the same.

The complainant's demand being due from the intestate in his lifetime, and the demand against the complainants which the administrator is enforcing, having been created and made payable to the administrator himself, since the death of the intestate, could not at law be set off against the claim of the latter.   " A debt which accrued in the lifetime of the testator, cannot be set off against a debt which accrues to the executor, after the death of the testator."—1 *Leigh's Nisi Prius,* 156, and cases there cited. *Kittrington* vs. *Stevenson, Willes' Rep.* 264 ; 2 *Williams on Ex'rs,* 1155. With regard to sets-off, courts of equity follow the law, unless some *special circumstances* occur to justify an interposition, as where *peculiar equities* intervene between the parties.—2 *Story's Eq.* 663–4, section 1437.

Does the case made by the complainant's bill exhibit such special circumstances or peculiar equities between the parties, as will authorize the interference of a court of equity, to restrain the administrator in the due administration of the assets of his intestate ?   We think not, and are of the opinion it ought never to have received the sanction of the chancellor. It is true, the complainants charge it is their *belief,* founded upon the *conduct* of the administrator, as well as from *information* which they believe to be true, that they will not be able to recover their claim from the administrator and that it will be entirely lost.   The complainants nowhere

state the *reasons or grounds of their belief;* nor do they state in what *particular manner* the administrator has conducted himself; nor do they pretend to state what *particular information* they have received, which enables them to arrive at the conclusion, they will not be able to recover their claim from the administrator. The *grounds* of their belief, the *particular conduct* of the administrator, as well as the *nature* and *extent* of the information received by them, would be very important in order that the court might be enabled to judge of their *sufficiency.* Besides, it would be very difficult for the defendant to form an *issue* with the complainants upon their general allegations, and still more so to negative them by *proof.*

The complainants further allege that Jonas King is the only security to the administration bond of the administrator, and if the money sought to be collected shall go into his hands, they have *good cause* to apprehend it will be *so managed* as to render King liable therefor on his bond. What *acts* of the administrator have given the complainants " *good cause*" of apprehension, we are not informed, nor do we exactly know what they desire us to understand by the term " *so managed,*" as applicable to the *official* conduct of the administrator.

It is charged, the administrator has paid debts out of their legal order ; if so, he and his securities are responsible : and it is nowhere alleged the administrator or his securities are *insolvent.* The mistake in the confession of judgment could have been amended, and corrected by the court in which the same was made.—*Bank of Pennsylvania* vs. *Condy,* 1 *Hill's S. C. Rep.* 209, and cases there cited.

When a complainant comes into a court of equity, to ask its assistance to interfere with the legal administration of the assets in the hands of an executor or administrator, he should at least state a clear, *prima facie* case on his part, to justify such an interference. Had the complainants shown such a case by their bill, as would have authorized the interference of a court of equity, we are of the opinion it is not one of those cases which would have required the payment of the money into court under the rule of practice established by the Superior Courts.

We affirm the decision of the court below dissolving the injunction, on the ground alone, it does not appear upon the face of the complainant's bill, that there is sufficient equity to authorize a continuance of the injunction.