HOBBS & TUCKER *v.* THE CHEMICAL NATIONAL BANK.

1. An action upon a negotiable promissory note payable to order, the title to which by appropriate indorsement has become vested in a named person as cashier, may be maintained by a bank of which this person was in fact cashier when the indorsement was made. The declaration in such a case ought to contain allegations showing that this person was such cashier, and that the ownership of the note sued upon was in the plaintiff. Its failure to contain such allegations, unless cured by amendment, renders it fatally defective, and advantage of its defects may be taken even at the trial term by a motion to dismiss.

2. Where in order to prove the dishonor of a negotiable instrument by the maker, and notice thereof to the indorser for the purpose of binding the latter, a notarial certificate alone is relied upon, the same is not *prima facie* evidence as to any act of the notary not therein certified to have been performed. A notarial certificate reciting the fact of protest for non-payment but silent as to whether or not notice of protest was given to the indorser, is no evidence that such notice was in fact given.

December 2, 1895.

Complaint on note.    Before Judge Sweat.    Glynn superior court.    May term, 1895.

*Johnson & Krauss*, for plaintiffs in error.
*Goodyear, Kay & Brantley*, contra.

SIMMONS, Chief Justice.

1. This was an action by the Chemical National Bank against Mayer, as surviving partner, and Hobbs & Tucker, upon a promissory note made by Mayer & Ullman and payable to the order of Hobbs & Tucker at the Chemical National Bank, which note the plaintiff alleged had been discounted by it in the due course of its banking business. The note was endorsed as follows: "Pay to the order of W. J. Quinlan Jr., cashier.    Hobbs & Tucker." There was no further endorsement, nor was there any averment in the declaration that W. J. Quinlan Jr. was cashier of the plaintiff, or that the ownership of the note was in the plaintiff.    Upon the call of the case Hobbs & Tucker demurred to and moved to dismiss the declaration as to them,

on the grounds that it set forth no cause of action against them in favor of the plaintiff, and that according to the face of the note and the endorsements on it the plaintiff has no title therein.  In reply, plaintiff's counsel urged that the motion and demurrer came too late, being at the second term and after filing pleas.  The demurrer and motion to dismiss were overruled, and to this ruling Hobbs & Tucker excepted.  We think the objection to the declaration was well taken.  Although it is true that by endorsement to a named person as "cashier," title to a note may be vested in a bank of which he is cashier, and the bank may maintain an action thereon (*Collins* v. *Johnson*, 16 *Ga*. 458, 465; 1 Morse, Banks and Banking, §170 and cases cited; Baldwin *v*. Bank' of Newburg, 1 Wall. 234), yet in such case the declaration ought to contain allegations showing that the endorsement was made to him as cashier of the bank, and that the ownership of the note is in the plaintiff.  (Code, §3257.)  In the absence of such allegations the declaration is fatally defective, and advantage of the defect may be taken even at the trial term by a motion to dismiss.

2.  The plaintiff introduced in evidence the certificate of a notary public of New York, that on the day upon which the note fell due he presented it at the Chemical National Bank (at which it was made payable), and demanded payment, which was refused; whereupon he protested both against the drawer and the endorser of the note.  There was no statement in the certificate to the effect that notice of protest was given, and no other evidence was introduced to show that such notice had been given.  The plaintiff having closed, counsel for Hobbs & Tucker moved that a nonsuit be granted as to them, upon the ground that the plaintiff had failed to make out a case as to them; and that it appearing that the note sued on was payable on its face at a bank and was discounted at and by a chartered bank, and there being no evidence of any notice to the endorsers

of demand for payment, non-payment, or of protest, the endorsers could not be held liable. The motion for nonsuit was overruled, and to this ruling Hobbs & Tucker excepted.

We think the court erred in not granting a nonsuit. In order to bind the endorsers it was necessary to show not only that the note had been protested, but that "notice of the non-payment thereof and of the protest of the same for non-payment" had been given to them (Code, §2781); and the certificate of protest was not evidence that notice had been given to the endorsers. At common law the certificate by a notary of his protest of a foreign bill of exchange was evidence only as to presentment and dishonor, and no statement therein as to notice given an endorser would be accepted as evidence of such notice, it being no part of a notary's official duty in protesting a paper to give notice, which is entirely distinct from the protest. Proffat, Notaries, §160, and cases cited; 2 Daniel, Neg. Instr. (4 ed.) §§960--962. By our statute of 1838, from which section 3829 of the code was taken, a wider scope was given to the notarial certificate, that statute, according to the decision of this court in *Walker* v. *Bank of Augusta*, 3 *Ga.* 486, making it *prima facie* evidence not only of non-payment, but of notice also, when so stated in the certificate; but it did not make the certificate evidence of any fact not stated therein. "The statute making such *ex parte* statements of the notary evidence of notice of dishonor being an innovation on the common law, which excluded all such statements, should be strictly construed, and confined to the facts stated in or upon the certificate of protest." The burden of proof is upon the plaintiff to show that all the steps which are necessary to charge the indorser were taken, and no steps are presumed to have been taken without evidence; and when the notarial certificate is the only evidence relied on to establish due presentment, dishonor and notice, it should contain averments suffi-

cient to show that everything requisite has been done on the part of the holder to authorize demand upon the indorser. Clearly a certificate reciting the fact of protest, but silent as to whether or not notice of protest was given to the indorser, is no evidence that such notice was given. See Peabody Ins. Co. *v.* Wilson, 29 W. Va. 528, 2 S. E. Rep. 888, where this subject is fully discussed and authorities cited; 2 Daniel, Neg. Instr. (4 ed.) §964.

*Judgment reversed.*