## NATIONAL SURETY COMPANY *v.* MORRIS, guardian.

1. A surety on a guardian's bond may, under the provisions of section 2533 of the Civil Code, base an application "to be relieved as surety" upon reasons other than such as relate to the "misconduct of his principal in the discharge of his trust."
2. As the application in the present case not only alleged against the guardian an act amounting to such misconduct, but also set forth facts showing that he was not in all respects a proper person to be entrusted with the management of his wards' estate, the demurrer to the application was not well taken.

Argued June 11, — Decided July 12, 1900.

Certiorari.    Before Judge Lumpkin.    Fulton superior court. September term, 1899.

*Smith, Hammond & Smith,* for plaintiff.
*J. T. Pendleton,* for defendant.

LUMPKIN, P. J.    Section 2533 of the Civil Code declares that :    "The surety of any guardian on his bond, or, if dead, his representative, may at any time make complaint to the or-

dinary of any misconduct of his principal in the discharge of his trust, or for any other reason show his desire to be relieved as surety; thereupon the ordinary shall cite the guardian to appear at a regular term of the court and show cause why such surety shall not be discharged." The words, "any misconduct of his principal in the discharge of his trust," are obviously exhaustive of all acts, whether of commission or omission, which pertain to the guardian's mismanagement of the estate or the non-performance of any of the duties devolving upon him in his office. It follows that the words, "any other reason," which the surety may allege as constituting the basis of "his desire to be relieved" from the bond, must relate to some ground or grounds of relief not ejusdem generis with those which arise from the guardian's official misconduct. Want of personal integrity, lack of business capacity, extravagant or reckless living, indulgence in vicious or immoral habits, criminality, and scores of other things which might be suggested, would certainly afford good reasons for a "desire to be relieved as surety." The National Surety Company applied to the ordinary of Fulton county for a discharge from the bond of N. A. Morris as guardian of Gertrude and John Cooper, minors, and subsequently amended its application. The guardian filed a demurrer, containing both general and special grounds, which, was sustained by the ordinary. On certiorari his judgment was affirmed. Both the application and the amendment contain averments which are too loose and general to be treated as making any distinct charges against the guardian, and which, therefore, will not be noticed here; but some of the allegations are, as against the demurrer which was filed, sufficiently full and clear. They are, in substance: (1) that he refused to comply with a judgment allowing his wards specified sums per month out of the corpus of the estate in his hands; (2) that he had been convicted of a misdemeanor in the superior court of Cobb County; (3) that he had committed the offense of barratry as defined in section 326 of the Penal Code; and (4) that he had bought votes and used whisky to procure his election to a political office. The first of these charges related to misconduct in the management of the wards' estate. It was met by so much of the demurrer as was general, and by a feature thereof

which was "speaking" in its character. Presumably the judgment which the guardian refused to obey was rendered by the court of ordinary, though the application did not in terms so allege. The demurrer, instead of making the point that it failed to do so, alleges, in effect, that the judgment was rendered by that court, but that the guardian had entered an appeal from it. This allegation can not, of course, be considered. So the application, as it stands, in substance charges the guardian with wilfully disobeying a judgment with the terms of which he ought to comply ; and this, if true, would be misconduct in the discharge of his trust.

As to the remaining charges, we think they afford excellent reasons for the surety to "desire" to be relieved, and for retaining the application in court. If these charges are established, they are sufficient to show that the guardian is not a suitable man to manage the estate. Under such circumstances, a surety is not bound to wait till he becomes liable for actual waste or mismanagement. He may reasonably anticipate the same and move for relief in time to get relief. It is true that the demurrer does specially raise the point that some of the charges made against the guardian are based on acts which occurred before the bond was signed. This fact, of itself alone, would not defeat the right of the surety to be discharged, however, — certainly not, if it assumed liability upon the guardian's bond in ignorance of such previous acts on his part. Nothing alleged in the application warrants an inference to the contrary. It was doubtless open to special demurrer in that it did not undertake to state what was the real truth in this regard, but no such point was presented. One who becomes surety for a guardian under the belief that he is in all respects a suitable man for executing the trust has the very best of reasons for desiring to be released from liability on the bond when he learns that his principal is not such a man. We must not be understood as intimating any opinion as to the real merits of this controversy. We are simply dealing with allegations which, on demurrer, must be taken as true. Having dealt with every question thereby raised which was argued before us, our conclusion is that the demurrer should have been overruled. It will, of course, be incumbent on the company to prove its charges

against the guardian.    The superior court ought to have sustained the certiorari and remanded the case in order that the surety might have an opportunity so to do.

*Judgment reversed.    All the Justices concurring.*