9738. MEANS, guardian, *v.* AMERICAN BONDING COMPANY OF BALTIMORE.

Under the section of the code which provides that "the surety of any guardian on his bond . . may at any time make complaint to the ordinary of any misconduct of his principal in the discharge of his trust, or for any other reason show his desire to be relieved as surety; . . and upon hearing the parties and their evidence, the ordinary may, at his discretion, pass an order discharging such surety from all future liability," etc. (Civil Code of 1910, § 3052), the discharge of the surety in this case was authorized, it appearing that the guardian used funds of the ward in paying for land bought by the guardian for herself and the title to which she took in her own name, although she executed a promissory note, payable to herself as guardian, for the amount so used and seven per cent. interest thereon, and, to secure its payment, mortgaged to herself as guardian land sufficient for that purpose.

The judge of the superior court, on appeal, did not err in overruling the demurrer to the petition, or in failing to instruct the jury as requested by counsel for the defendant, or in directing a verdict in favor of the petitioner.

    DECIDED FEBRUARY 18, 1919.

 Appeal; from Houston superior court—Judge Graham presiding. April 3, 1918.

 The American Bonding Company presented a petition to the court of ordinary of Houston county, alleging: "That heretofore, to wit, on the 9th day of November, 1912, [the petitioner] became surety upon a bond in the penal sum of ten thousand dollars, given by Lilla Mae Means, as guardian of the estate of Sallie Mae Means, a minor, and conditioned as required by law for the faithful per-

formance of her duties as guardian. And whereas your said petitioner desires to be released from further liability by reason of having executed the above-mentioned bond, as it is advised that the said guardian has personally borrowed the funds of the estate, and, although the said guardian has offered to secure said loan by executing a real-estate mortgage, your said petitioner does not believe this is a proper investment for trust funds." The petition was amended as follows: "That said Mrs. Lilla Mae Means used her ward's money in paying the purchase-price of certain lands, the title to which she took in her own name, and not in the name of her said ward, and that said Lilla Mae Means appropriated to her own use the funds of her said ward." To this petition the defendant demurred, on the following grounds: "Because said petition does not allege any misconduct of respondent as guardian in the discharge of her duties, nor set forth any other reason which in law entitles petitioner to be relieved as surety on respondent's bond as guardian." "Because it is not alleged that respondent has mismanaged or wasted the estate of her said ward, nor is it alleged that respondent is not amply solvent, nor is it alleged that the estate of said ward is in jeopardy or at all liable to be wasted, depreciated, or diminished by any act or conduct on the part of respondent." While the case was pending in the superior court on appeal, the presiding judge overruled the demurrer to the petition.

The answer of the defendant contained the following: "Respondent admits that she has personally borrowed the funds of the estate of her said ward and has secured the payment of said loan by executing to herself as guardian a promissory note secured by a mortgage on real estate situated in said county, of market value sufficient to amply secure said loan, and she says that under all the circumstances said investment is safe and to the best interest of her said ward. For further answer respondent says: that the estate of her said ward was in cash money, and by depositing the same in a savings bank, or making a time deposit thereof in a bank on a certificate of deposit, she was unable to earn for her said ward more than four per cent. per annum, and that very little, if any, more than such per cent. could be obtained for said money when invested in bonds specified in the Code of Georgia for investment of trust funds. . . Respondent is a widow, and her said ward is her only child and sole heir at law. Respondent owns in her own right

698 acres of farm lands in said Houston county, Georgia, of the fair market value of fifteen or twenty thousand dollars; she likewise owns two houses and lots in Elko, said county, of the value of $3,000, and a store-house and lot in Elko of the value of $500, and six town lots in the town of Elko of the value of $150; . . . respondent owns personal property of greater value than all of her debts and liabilities, except her debt and liability to her said ward. . . . There was a balance due of $5,000 on the purchase-price of her farm lands, and it was greatly to her interest and to the interest of her ward, as her sole heir at law, that she keep and hold said farm lands, which have greatly increased in value since she purchased them, and which lands will continue to increase in value, in respondent's judgment and belief. Respondent deemed it to the best interest of her said ward, considering the estate of the ward only, and also considering the interest of her said ward as respondent's sole heir at law, to use her ward's money in payment of the balance of the purchase-price of said farm lands, and she did use the same for said purpose, and thereby became indebted and liable to her said ward for said money, for the use of which respondent has paid to said ward interest at the rate of seven per cent. per annum, thereby greatly increasing the income of her said ward and preserving an estate in realty of large value for the benefit of said ward as respondent's sole heir at law. Although respondent is amply solvent, owning realty of the value of at least twenty thousand dollars, respondent as an individual has executed to herself as guardian of her said ward a mortgage on a lot of land containing two hundred and seven and one-tenth acres, being part of the lands in said Houston county, to secure the estate of her said ward; said lands so mortgaged being of greater value than the estate of her said ward. Save and except the mortgage to secure the estate of her said ward as aforesaid, respondent's individual estate in the lands and tenements aforesaid is absolutely free and unincumbered. Respondent further says: that she has not been guilty of any misconduct in the discharge of her duties as guardian, that she has not wasted nor mismanaged the estate of her ward, has kept and is now keeping and will keep the estate of her ward safely and account for the same according to law and as in duty bound, and that there is no lawful reason authorizing her surety to desire to be relieved, or authorizing her surety to be relieved as surety on her bond as guardian."

The bill of exceptions shows that on the trial of the case "the plaintiff put in evidence the defendant's answer to said petition which said answer is a part of the record in said case, and then and there admitted in judicio in open court the truth of all of the facts set forth in the defendant's said answer, and waived proof of the facts alleged by the defendant in her said answer, and said case was submitted to the court and jury on the pleadings and the admission in judicio aforesaid. Thereupon the plaintiff moved the court to direct a verdict in its behalf, and the defendant submitted to the court in writing certain requests to charge the jury as hereinafter set out." The judge refused to submit the case to the jury and refused to charge as requested by the defendant, and directed a verdict finding for the plaintiff and that the plaintiff be released and discharged as surety on the bond of the defendant, and requiring her to give a new bond as guardian. The defendant excepted.

*John P. Ross, M. Kunz,* for plaintiff in error, cited: Civil Code (1910), § 3052; Act 1805, Cobb's Dig. 314; Act 1810, Cobb's Dig. 317; *Girardey* v. *Dougherty,* 18 *Ga.* 259; *National Surety Co.* v. *Morris,* 111 *Ga.* 307 (1); *Ray* v. *Justices,* 6 *Ga.* 303 (2), 307; *Dupont* v. *Mayo,* 56 *Ga.* 304 (1), 306; *Moses* v. *Moses,* 50 *Ga.* 9; *Brown* v. *Wiley,* 107 *Ga.* 85 (1); 4 Bac. Abr. 562; *Doster* v. *Arnold,* 60 *Ga.* 316 (2), 318; *Bennett* v. *Bird,* 139 *Ga.* 28; *Fidelity & Deposit Co.* v. *Butler,* 130 *Ga.* 225; Civil Code (1910), §§ 3763, 3753; *Perkins* v. *Dyer,* 6 *Ga.* 401 (1); *Brown* v. *Wright,* 39 *Ga.* 96 (1, 2), 101; *Jepson* v. *Patrick,* 39 *Ga.* 569; *Westbrook* v. *Davis,* 48 *Ga.* 471 (4); *Rogers* v. *Dickey,* 117 *Ga.* 819 (1, 3, 4); Civil Code (1910), §§ 3071, 4063; *Royston* v. *Royston,* 29 *Ga.* 82; *Brown* v. *McWilliams,* 29 *Ga.* 194; *Cartledge* v. *Cutliff,* 29 *Ga.* 758 (3), 769; *Griffin* v. *Collins,* 125 *Ga.* 159 (6); *Walker* v. *Walker,* 42 *Ga.* 135; *Jones* v. *Nolan,* 120 *Ga.* 588 (3, 4); *Allen* v. *Hardee,* 30 *Ga.* 463; *Collins* v. *Dixon,* 72 *Ga.* 475; *Civil Code* (1910), §§ 3764, 4077 (1), 4078; Slauter *v.* Favorite, 57 Am. R. 106, 114; Lovell *v.* Minot, 32 Am. Dec. 206; Harvard College *v.* Amory, 9 Pick. 461; Abrams *v.* U. S. Fidelity &c. Co., 5 L. R. A. (N. S.) 575, and note; Jones' Appeal, 42 Am. Dec. 282; Beach *v.* Moser, 46 Pac. 202; Devine *v.* Griffin, 25 L. C. Jur. 249; *Cosby* v. *Weaver,* 107 *Ga.* 761 (1); 18 Cyc. 160 (b), note 64; McFayden *v.* Council, 81 N. C. 195; Sparrow's Succession, 39 La. Ann. 696 (2 So. 501); Witherspoon *v.* Watts, 18 S. C. 396.

*Hardeman, Jones, Park & Johnston, Richard Curd,* contra, cited: Park's Ann. Code, §§ 3052, 3090, 3763, 3764, 3765, 4011, 4008, 3064; *National Surety Co.* v. *Morris,* 111 *Ga.* 307; *Crawford* v. *Tribble,* 69 *Ga.* 519; *Rogers* v. *Dickey,* 117 *Ga.* 819 (3); *Venable* v. *Howard,* 68 *Ga.* 167 (2); Pom. Eq. Jur. (3d ed.), §§ 1076, 1077; Hutson *v.* Jenson, 110 Wis. 26 (85 N. W. 689, 694); Fidelity & Deposit Co. *v.* Freud, 115 Md. 29 (80 Atl. 603, 605).

BLOODWORTH, J. (After stating the facts). The court did not err either in overruling the demurrer or in failing to submit the case to the jury and give the instructions to them requested by counsel for the defendant, or in directing a verdict for the plaintiff. Section 3052 of the Civil Code (1910), is in part as follows: "The surety of any guardian on his bond, or, if dead, his representative, may at any time make complaint to the ordinary of any misconduct of his principal in the discharge of his trust, or for any other reason show his desire to be relieved as surety; thereupon the ordinary shall cite the guardian to appear at a regular term of the court, and show cause why such surety shall not be discharged; and upon hearing the parties and their evidence, the ordinary may, at his discretion, pass an order discharging such surety from all future liability, and requiring such guardian to give new and sufficient security or be discharged from his trust; such new sureties shall be liable for past as well as future waste or misconduct of the guardian. And such discharged surety shall be relieved only from the time the new security shall be given." Under this statute, it will be seen, a surety on a guardian's bond can obtain relief in two distinct contingencies; first, in case of misconduct of the guardian in the discharge of his trust; second, when for any other reason the surety desires to be relieved. In *National Surety Co.* v. *Morris,* 111 *Ga.* 308 (36 S. E. 690), Presiding Justice Samuel Lumpkin said: "The words, 'any misconduct of his principal in the discharge of his trust,' are obviously exhaustive of all acts, whether of commission or omission, which pertain to the guardian's mismanagement of the estate, or the non-performance of any of the duties devolving upon him in his office. It follows that the words, 'any other reason,' which the surety may allege as constituting the basis of 'his desire to be relieved' from the bond, must relate to some other ground or grounds of relief not ejusdem generis with those which arise from the guardian's official misconduct. Want of personal integrity, lack

of business capacity, extravagant or reckless living, indulgence in vicious or immoral habits, criminality, and scores of other things which might be suggested, would certainly afford good reasons for 'a desire to be relieved as surety.' " Granting that the estate of her ward had not suffered by her conduct in its management, still we think her conduct as shown by the record was embraced in the "scores of other things" which Presiding Justice Lumpkin says "would certainly afford good reasons for a desire to be relieved as surety." In *Rogers* v. *Dickey*, 117 *Ga.* 819 (45 S. E. 71), the 3d headnote is as follows: "Even for the benefit of the beneficiaries a fiduciary can not hazard the trust fund in speculation, business, or any form of investment not authorized by the deed of trust, the statute, or an order of a court of competent jurisdiction." See also *Venable* v. *Howard*, 68 *Ga.* 167; *Crawford* v. *Tribble*, 69 *Ga.* 519.

　　*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*