40461.   SPRADLEY, Administratrix v. ST. PAUL FIRE &
MARINE INSURANCE COMPANY.

DECIDED JANUARY 22, 1964.

*Cook & Palmour, A. Cecil Palmour,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.

JORDAN, Judge. ■■ Under the provisions of *Code* § 49-233 the surety on the bond of a guardian may at any time make complaint to the court of ordinary of any misconduct of his principal in the discharge of his trust, or for any other reason show his desire to be relieved as surety; and the court of ordinary may in the exercise of its discretion discharge such surety from all future liability and require the guardian to give new and sufficient security or be discharged from his trust. The provisions of this Code section are made applicable to sureties on the bonds of administrators by the provisions of *Code* § 113-1222.

Within the purview of *Code* § 49-233 all acts, whether of commission or omission, which pertain to the mismanagement of an estate by a guardian or administrator or the nonperformance of any of the official duties devolving upon said guardian or administrator in the discharge of his trust constitute misconduct of said guardian or administrator which would authorize the discharge of the surety; and it is not necessary in order to state a cause of action for discharge that the surety show that an actual loss has accrued to the estate by reason of the official misconduct of his principal, it being sufficient to show that the guardian or administrator has refused to comply with the law, thereby raising reasonable apprehension of future loss. *National Surety Co. v. Morris,* 111 Ga. 307 (36 SE 690).

■ The plaintiff surety in this case alleged in paragraph 4 (a) of its petition as one of its grounds for discharge that no inventory and appraisement of the estate had been made or returned by the administratrix to the Ordinary of Floyd County as required by *Code* § 113-1403 although more than four months had expired since her qualification.

It is the duty of an administrator under the provisions of *Code* § 113-1403 to return an inventory and appraisal of the estate being administered to the ordinary within four months after the qualification of the administrator; and the failure of an administrator to file an inventory and appraisal in the ordinary's office is grounds for removal of the administrator. *Code* § 113-1408. Such failure to perform this required duty of office would likewise constitute misconduct on the part of the administrator in the discharge of his trust within the purview of *Code* § 49-233 so as to authorize the discharge of his surety. See *National Surety Co. v. Morris,* 111 Ga. 307, supra.

Accordingly, the instant petition alleged sufficient legal reason for the discharge of the plaintiff as surety and the trial court did not err in overruling the defendant's general demurrer and in overruling ground 2 of her special demurrers filed February 4, 1963, which specially attacked paragraph 4 (a) of the petition upon the ground that the allegations of the petition did not show a breach of legal duty on the part of the administratrix. *Holsenbeck v. Arnold,* 75 Ga. App. 311 (43 SE2d 348).

■ ·The plaintiff in paragraph 8 of the amended petition alleged that it was entitled to have the defendant administratrix make an accounting of all the moneys, properties and assets of the estate and of all debts paid and expenditures made by said administratrix from the assets of the estate from the date of her qualification as administratrix up to the present time in order that the condition of the estate and the extent of any losses could be ascertained; and in paragraphs 3 and 4 of the prayers of the petition the plaintiff prayed that the administratrix be required to make said accounting and that the administratrix be surcharged with any loss that may have accrued to the estate since her qualification. The defendant in paragraph 3 (b) (e) of her demurrers filed February 27, 1963, attacked these paragraphs of the petition on the ground that an accounting and ascertainment of the condition of the estate is not a right given or exercisable by the petitioner in its petition to be discharged as surety against an administratrix who has not been removed from office.

This ground of the demurrer was well taken and should have

been sustained. As stated by the Supreme Court in *Snow v. Brown*, 100 Ga. 117, 121 (28 SE 77): "The privilege to the guardian [or administrator] to continue his trust by giving another bond and surety has the effect *to postpone the right of the first surety to have an accounting from his principal,* and thus possibly deprive him of means and measures of protection afterwards lost. The original bond being, presumably at least, ample to protect the obligee thereof for all devastavit occurring while it is of force, it could not be said that it was the purpose of the statute, in making the second surety liable for past waste, to alone protect the interests of the obligee of the respective bonds, but the principal object sought to be accomplished by this retroactive feature of the second bond is *to afford to the released surety as much indemnity as possible, in view of the disadvantages to him attendant upon the postponing of his right to have his principal brought to an accounting.*" (Emphasis supplied).

As enumerated in this decision the interests of the released surety are protected by his discharge from all future liability and by the fact that said released surety is only secondarily liable for past liabilities with no right of contribution against said surety on the part of the second or subsequent sureties; and said released surety is not entitled to seek in his petition for discharge an accounting from the administrator who by providing new security continues in his trust capacity.

■ The plaintiff in paragraph 3a of its amended petition alleged that the estate of Elston Scott, deceased, included the following: " a cash sum, the exact amount of which is unknown to petitioner but well known to said administratrix, two motor vehicles, personal property consisting of the beds, chairs, linens, tables and other furniture and furnishings which were upon the death of said Elston Scott located at the Elstonian Motel at Rome, Georgia, and the real property upon which is located the Elstonian Motel in Rome, Floyd County, Georgia, known as the Elstonian Motel property." The defendant in paragraphs one and four of its special demurrers filed September 6, 1963, attacked the inclusion of the Elstonian Motel property and furnishings within the assets of the estate on the grounds that the same was real property and descended directly to the heirs, and

that consequently the administratrix had no liability for, nor interest in said property insofar as the liability of the surety was concerned.

These grounds of demurrer are without merit. The petition in this case was primarily predicated upon the failure of the administratrix to make an inventory of the estate and to return same along with an appraisal of the estate to the ordinary within four months of her qualification as required by *Code* § 113-1403. Under the provisions of *Code* § 113-1402, said inventory shall include all personal property owned and possessed by the deceased at his death, and all real estate belonging to the deceased, lying in the county in which administration may be had; and it was therefore proper for the deceased's real property to be included in the list of the assets of the estate in this paragraph of the amended petition.

The remaining grounds of special demurrer are without merit.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Eberhardt, J., concur.*