## A97A1908. OSBORNE BONDING & SURETY COMPANY v. GLAZE.
### (497 SE2d 612)

POPE, Presiding Judge.

On February 15, 1989, the Probate Court of Clayton County appointed Mary Esposito as guardian over the property of her minor son, who inherited money from his deceased father. Following her appointment, Esposito entered into an agreement with Osborne Bonding & Surety Company. Pursuant to the agreement, Osborne issued bonds in the amount of $80,000 to secure Esposito's performance as guardian. After Esposito failed to file probate court ordered annual returns regarding her son's property in 1994 and 1995, and failed to appear at a "show cause" hearing on the matter, the probate court revoked Esposito's guardianship. The probate court then appointed George Glaze as guardian on March 6, 1995.

In May 1996, Esposito filed for bankruptcy. Thereafter, it is undisputed that Glaze obtained an order from the bankruptcy court lifting the automatic stay imposed by 11 USC § 362 so as to allow Glaze to proceed with a petition for accounting of Esposito's son's property in the probate court to determine if mismanagement had occurred for which Esposito and Osborne would be liable. Pursuant to his investigation regarding the petition of accounting, Glaze determined, and the undisputed record evidence shows, that Esposito had in fact mismanaged her son's property, thereby causing a loss to his estate of $52,082.20. Accordingly, on September 23, 1996, Glaze filed a recommendation with the probate court requesting that judgment in the above amount be entered, jointly and severally, against Esposito and Osborne.

Following Glaze's recommendation, on November 1, 1996, Osborne petitioned the probate court to relieve Osborne as surety under the bonds for Esposito's pre-removal mismanagement. The probate court dismissed Osborne's petition and entered judgment against Esposito and Osborne, jointly and severally, in the amount of $52,082.20 on February 6, 1997. On appeal, Osborne contends the

probate court erred in dismissing its petition to be relieved as surety and in entering judgment against Osborne. We disagree and affirm.

1. There is no merit to Osborne's argument that, based on Esposito's pre-removal misconduct, the trial court was required under OCGA § 29-2-52 to grant Osborne's petition for relief from any obligation undertaken by Osborne to act as surety under the bonds, and thereby discharge Osborne from any liability for Esposito's pre-removal misconduct. Under OCGA § 29-2-52 (a), "all acts, whether of commission or omission, which pertain to the mismanagement of an estate by a guardian or administrator . . . constitute misconduct . . . which [may] authorize the discharge of [a] surety." *Spradley v. St. Paul Fire &c. Ins. Co.*, 108 Ga. App. 865, 866 (1) (a) (134 SE2d 850) (1964). However, it is apparent under the express language of OCGA § 29-2-52 (b), that when such misconduct is brought to the attention of a probate court judge, that judge is not required to discharge the surety, but rather "in his [or her] discretion," may do so. And in any event, even if the probate judge grants an order discharging a surety based on a guardian's misconduct, such discharge only relieves the surety from liability for acts of misconduct by the guardian committed after the discharge. OCGA § 29-2-52 (b), (c) and (d); *Snow v. Brown*, 100 Ga. 117, 119-123 (28 SE 77) (1897); *Spradley*, 108 Ga. App. at 866. Any contention to the contrary is illogical in that it would totally defeat the very concept of a surety.

In this case, Osborne's petition sought total relief from its obligation under the bonds based on misconduct that wholly occurred prior to the filing of its petition. As such, the discharge that Osborne requested in its petition was inappropriate, and the probate court properly dismissed the petition for that reason.

2. There is also no merit to Osborne's contention that the probate court erred in granting a judgment against it in this case in light of Esposito's bankruptcy filing. As set forth above, prior to the filing of his petition for an accounting in the probate court, and his ensuing investigation, Glaze sought and obtained the permission of the bankruptcy court. Pursuant to his authorized investigation, it is undisputed that mismanagement by Esposito was discovered, which resulted in a substantial loss to her son's estate. At the time of that mismanagement, Osborne became jointly and severally liable with Esposito to her son's estate under OCGA § 29-2-76 and the express terms of its agreement with Esposito. As such, Osborne's liability was based on " 'independent' and primary [obligations], not derivative of those of the debtor [Esposito]." *In the Matter of Lockard*, 884 F2d 1171, 1178-1179 (IV) (B) (9th Cir. 1989); see *Paul v. Joseph*, 212 Ga. App. 122, 123-124 (1) (441 SE2d 762) (1994); *GMAC v. Yates Motor Co.*, 159 Ga. App. 215, 217-218 (2) (283 SE2d 74) (1981). Accordingly, the automatic stay provisions of 11 USC § 362 do not constitute a bar

to the issuance or enforcement of the judgment against Osborne as the surety over Esposito's son's estate.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MARCH 5, 1998.

*Boswell & Teske, Stephen E. Boswell,* for appellant.
*Glaze, Glaze & Fincher, George E. Glaze,* pro se.
*Larry King, Jr.,* for appellee.